IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**JENNIFER BRUCE,** Individually,
and on behalf of herself and others
similarly situated,

Plaintiff,

vs.

**RACETRAC, Inc.,**

Defendant.

Case No. _____

FLSA Multi-Plaintiff Action
**JURY DEMANDED**

## ORIGINAL MULTI-PLAINTIFF ACTION COMPLAINT

Plaintiff, Jennifer Bruce ("Plaintiff"), individually, and on behalf of herself and others similarly situated, brings this multi-plaintiff action against RaceTrac, Inc. ("Defendant") and alleges as follows:

### I. INTRODUCTION

1. Plaintiff has been a full-time, hourly-paid employee of Defendant at all times material to this lawsuit. Plaintiff brings this action for unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. This action is intended to include every similarly situated full-time, hourly-paid employee who has worked for Defendant anywhere in the United States at any time within the past three (3) years.

### II. COVERAGE

3. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) of the FLSA during all times material to this Complaint.

4. During Plaintiff's employment with Defendant, it earned more than $500,000.00 per year in gross sales.

5. During Plaintiff's employment with Defendant, it employed two or more employees who handled goods, materials and supplies that travelled in interstate commerce.

6. Thus, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

### III. JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiff was employed by Defendant to perform work in this district and said Defendant has conducted business within this district at all relevant time periods to this action. In addition, a substantial part of the events, commissions, inactions and omissions giving rise to these claims and this action occurred within this District.

### IV. PARTIES

9. Defendant is a Georgia Corporation with its principal address located at 200 Galleria Parkway S.E., Suite 900, Atlanta, Georgia 30339. Defendant's agent for service of process is Corporate Creations, Network, Inc., 1755 West Oaks Parkway, Suite 100, Marietta, Georgia 30066.

10. Plaintiff Jennifer Bruce is an adult citizen of the United States and was employed as an hourly-paid employee by Defendant in this district during all times relevant to this action.

Plaintiff Bruce's "Consent to Join" this multi-plaintiff action is attached as *Exhibit A*.

## V. <u>FACTUAL ALLEGATIONS</u>

11. Defendant owns and operates some 600 convenience stores in Tennessee, Florida, Alabama, Georgia, Louisiana, Mississippi and Texas.

12. Plaintiff and those similarly situated worked as hourly-paid employees for Defendant during the relevant statutory period.

13. Defendant employed Plaintiff and many other similarly situated hourly-paid employees who similarly were not compensated for all their compensable overtime as required by the FLSA.

14. Defendant had a time-keeping system for the purpose of recording the compensable work time of Plaintiff and those similarly situated.

15. Plaintiff and those similarly situated routinely worked for Defendant 40 or more hours per week within weekly pay periods during all times material to this action.

16. More specifically, Plaintiff and those similarly situated performed work for Defendant in excess of 40 hours per week within weekly pay periods during all times material without being compensated at the applicable FLSA overtime compensation rate of pay for such overtime hours.

17. Defendant has had a common practice of either failing to record all of the compensable overtime hours of Plaintiff and those similarly situated into its time keeping system or editing some of their compensable overtime hours out of its time keeping system within weekly pay periods during all times material to this action.

18. For example, Plaintiff was scheduled to work 45 hour per week within weekly pay periods

but often worked far in excess of 45 hours per week. Yet, she was paid only for 45 hours of work time for such weeks; meaning she was paid for only five hours of overtime compensation for such weeks.

19. Plaintiff and those similarly situated complained to management about not receiving all their compensable overtime compensation per week, but to no avail.

20. Defendant knew and was aware at all relevant times it was not compensating Plaintiff and those similarly situated for all their overtime at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this action.

21. Defendant willfully and, with reckless disregard to established FLSA requirements, failed to pay Plaintiff and those similarly situated the applicable overtime compensation rates of pay owed them within weekly pay periods during all times relevant herein.

22. Defendant does not have a good faith basis for its violations of the FLSA.

23. As a result of Defendant's lack of a good faith basis and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation, as well as having suffered other damages.

24. The net effect of Defendant's common practice of failing to compensate Plaintiff and those similarly situated for all their compensable overtime was to save payroll costs and payroll taxes, all for which it has unjustly enriched itself and enjoyed ill gained profits at their expense.

## VI. MULTI-PLAINTIFF ALLEGATIONS

25. Plaintiff seeks to send notice to the following group of similarly situated current and former

employees of Defendant:

> All individuals who were employed by Defendant as hourly-paid employees and who performed work for Defendant anywhere in the United States at any time during the applicable statutory period covered by this Collective Action Complaint (i.e. two years for FLSA violations, and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to join to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").

26. Plaintiff brings this action on behalf of herself and those similarly situated pursuant to FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

27. The claims under the FLSA may be pursued by those who join this action under 29 U.S.C. § 216(b).

28. While the exact number of potential plaintiffs to this action is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, Plaintiff believes there are more than 200 potential plaintiffs to this action.

29. The claims of Plaintiff are typical of the claims of potential plaintiffs.

30. Plaintiff and potential plaintiffs are similarly situated in that they were subjected to Defendant's common practice of failing to pay them for all their overtime compensation within weekly pay periods at the applicable FLSA overtime rates of pay, during all times material to this collective action.

31. Plaintiff and potential plaintiffs also are similarly situated in that their unpaid overtime claims are unified through common theories of Defendant's FLSA violations.

32. Plaintiff will fairly and adequately protect the interests of potential plaintiffs as her interests are aligned with those of such potential plaintiffs.

33. Plaintiff has no interests adverse to the interest of potential plaintiffs.

34. Plaintiff has retained competent counsel who are experienced in multi-plaintiff litigation.

35. The multi-plaintiff mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by potential plaintiffs in a multi-plaintiff action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for potential plaintiffs to individually seek redress for the wrongs done to them.

36. Plaintiff and potential plaintiffs have suffered and will continue to suffer irreparable damage from the unlawful pay practices implemented and administered by Defendant.

## COUNT I - <u>RECOVERY OF OVERTIME COMPENSATION</u>

37. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

38. During their employment with Defendant, Plaintiff and other hourly-paid employees worked more than 40 hours per week within weekly pay periods but were not paid overtime compensation for all of such work time as required by the FLSA as previously described.

39. The unpaid overtime claims of Plaintiff and those similarly situated were unified through common theories of Defendant's FLSA violations.

40. Defendant's failure to pay Plaintiff and potential plaintiffs one and one-half times their regular hourly rates of pay for all their overtime hours worked within weekly pay periods during all times material was willful and with reckless disregard to established FLSA overtime compensation requirements, and without a good faith basis for such failure.

41. As a result of Defendant's willful and unlawful acts in failing to pay Plaintiff and those similarly situated all their earned overtime compensation, Plaintiff and potential plaintiffs have suffered lost wages and other recoverable damages, plus reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, individually and on behalf of herself and those similarly situated demand judgment against Defendant as well as to request this Court to grant the following relief against said Defendant:

A. Promptly facilitate notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting potential plaintiffs to assert timely FLSA claims in this action by filing individual consents to join under 29 U.S.C. § 216(b).

B. An award of compensation for unpaid overtime to Plaintiff and potential plaintiffs who join this action at the applicable FLSA overtime compensation rates of pay.

C. An award of liquidated damages to Plaintiff and potential plaintiffs who join this action; or in the alternative an award of prejudgment interest to such claimants;

D. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and potential plaintiffs who join this action;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and potential plaintiffs who join this action;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action; and

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial**

**by jury** on all issues so triable.

Dated: August 7, 2023                     Respectfully Submitted,


                                          *s/J. Russ Bryant*
                                          Gordon E. Jackson (TN BPR #8323)
                                          J. Russ Bryant (TN BPR #33830)
                                          James L. Holt, Jr. (TN BPR #12123)
                                          **JACKSON, SHIELDS, YEISER, HOLT
                                          OWEN & BRYANT**
                                          Attorneys at Law
                                          262 German Oak Drive
                                          Memphis, Tennessee 38018
                                          Telephone: (901) 754-8001
                                          Facsimile: (901) 754-8524
                                          *gjackson@jsyc.com*
                                          *rbryant@jsyc.com*
                                          *jholt@jsyc.com*


                                          ***ATTORNEYS FOR PLAINTIFF
                                          AND FOR OTHERS SIMILARLY
                                          SITUATED***